**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2497
_____

AMBRIORIX FRANCISCO OVALLE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A038-511-086)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(January 24, 2022)

Before: HARDIMAN, SHWARTZ, and FUENTES, *Circuit Judges*.

(Filed: February 2, 2022)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Ambriorix Francisco Ovalle petitions for review of a decision of the Board of Immigration Appeals denying his motion to reopen *sua sponte* and terminate his removal proceedings. We will dismiss the petition for lack of jurisdiction.

I

Ovalle was ordered removed to the Dominican Republic in 1999 after he asked the Board of Immigration Appeals to order his removal. Soon after he was repatriated, the BIA decided *In re Devison*, 22 I. & N. Dec. 1362, 1365–68, 1373 (B.I.A. 2000), which held that an adjudication of youthful offender status under Article 720 of the New York Criminal Procedure law does not constitute a judgment of conviction under the Immigration and Nationality Act.

Though Ovalle had argued that same issue in removal proceedings before the agency in 1999, he waited 17 years after the BIA decided *In re Devison* to move the BIA to reopen his case *sua sponte* and terminate removal proceedings. He offered no explanation for his lengthy delay.

The BIA rejected Ovalle's argument that despite his earlier removal to the Dominican Republic the post-departure bar created no impediment to adjudication of his motion. It also declared him ineligible "for sua sponte reopening in light of the post-departure bar" under 8 C.F.R. § 1003.2(d), and denied his motion. A.R. 36. In doing so, the BIA concluded it lacked the power to exercise its *sua sponte* authority. *Ovalle v. Att'y Gen.*, 791 F. App'x 333, 334 (3d Cir. 2019).

Ovalle filed a petition for review, which we granted. We had jurisdiction over that petition because the BIA committed an error of law when it held it lacked the power to exercise its *sua sponte* authority. *Id*. at 335 n.2 (first citing *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017) (recognizing two exceptions to the BIA's essentially unlimited discretion and unreviewable authority to deny *sua sponte* reopening—(1) legal error and (2) a BIA rule or settled course of adjudication meaningfully limiting its discretion), and then citing *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011) (although the BIA can exercise its *sua sponte* authority to deny reopening for "practically any reason at all," we may review and remand a denial based on a false legal premise)). We held the post-departure bar did not deprive the BIA of jurisdiction to *sua sponte* reopen; the agency had discretion to grant relief despite the post-departure bar. We remanded to the BIA, stating that "it may elect to invoke the bar on discretionary grounds." *Id.* at 337.

On remand, the BIA—doing precisely what we held it could do—exercised its discretion to invoke the post-departure bar, declined to reopen *sua sponte*, and denied Ovalle's motion. In exercising its discretion, the BIA stated Ovalle "waited for approximately 17 years after the issuance of our decision in *Matter of Devison* to file [his] motion to reopen[] and has not meaningfully explained why he waited so long to file this motion with the Board, including the steps (if any) he took to preserve his rights during this extended period of time." A.R. 4.

Ovalle again filed a timely petition for review. But this time we lack jurisdiction to review the BIA's decision because the agency exercised its discretion to apply the post-departure bar to deny Ovalle's motion to reopen *sua sponte*.

Relying on *Sang Goo Park v. Attorney General*, Ovalle contends we have jurisdiction because the BIA limited its discretion to deny his motion to reopen *sua sponte* through a settled course of decisions. There are two problems with this argument.

First, under the law of the case doctrine, we must adhere to the prior panel's decision that the BIA had discretion to apply the post-departure bar to deny his motion. *In re City of Phila. Litig.*, 158 F.3d 711, 717 (3d Cir. 1998) ("[O]ne panel of an appellate court generally will not reconsider questions that another panel has decided on a prior appeal in the same case."); *Ovalle*, 791 F. App'x at 336–37 (majority holding the BIA as a matter of discretion may invoke the post-departure bar to deny a motion to reopen *sua sponte*). So we cannot now entertain the argument that the BIA lacked discretion to apply the post-departure bar.

Second, Ovalle has not satisfied the settled course exception. He offers summaries of 74 BIA decisions, some of which involve the granting of motions to reopen filed several years after the final order of removal. According to his own summary, however, 59 of those decisions do not involve the post-departure bar. Among the 15 remaining relevant decisions, none involves an alien who waited anywhere near 17 years *after a change in the law* to seek relief based on that change. So Ovalle fails to persuade us that the BIA has, in a way meaningful to his circumstances, restricted its unreviewable discretion.

\*        \*        \*

For the reasons stated, we will dismiss Ovalle's petition for lack of jurisdiction.